**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MARSHALL FEATURE RECOGNITION, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:15-cv-297** |
| **v.** | |
| **LORILLARD, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marshall Feature Recognition, LLC ("Plaintiff" or "MFR"), by and through its undersigned counsel, files this Original Complaint against Defendant Lorillard, Inc. ("Defendant" or "Lorillard") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,886,750 entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the "'750 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 8,910,876 entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the "'876 patent"; a copy of which is attached hereto as Exhibit B).  MFR is the owner by assignment of the '750 and '876 patents.  MFR is majority controlled by the inventors of the '750 and '876 patent. The inventors Spencer A. Rathus, Lois Fichner-Rathus and Jeffrey S. Nevid, have been operating MFR in Texas since 2004. MFR seeks monetary damages.

## PARTIES

2.      Plaintiff Marshall Feature Recognition, LLC is a limited liability company

organized under the laws of the State of Texas.  Plaintiff maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75760.

3.      Upon information and belief, Defendant is a business organized and existing under the laws of the State of Delaware, with its principal place of business located at 714 Green Valley Road, Greensboro, North Carolina 27408-7018. Defendant does business in the State of Texas and its Registered Agent for service of process is Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603-1725.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6.      More specifically, Defendant, directly and/or through authorized intermediaries, provides, ships, distributes, and/or advertises (including Defendant's shareholder voting documents containing Quick Response codes) products and services in the United States, the State of Texas, and the Eastern District of Texas.  Defendant solicits shareholders to use the shareholder

voting documents containing Quick Response codes in the State of Texas and in the Eastern District of Texas.  Defendant has shareholders who use the shareholder voting documents containing Quick Response codes who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's shareholder voting documents containing Quick Response codes in the State of Texas and in the Eastern District of Texas.

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

### COUNT I– INFRINGEMENT OF U.S. PATENT 6,886,750

8.      MFR refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9.      The '750 patent was duly and legally issued by the United States Patent and Trademark Office on May 3, 2005, after full and fair examination.  Plaintiff is the owner by assignment of the '750 patent and possesses all rights of recovery under the '750 patent, including the exclusive right to sue for infringement and recover past damages.

10.     Defendant makes, uses, owns, operates, advertises, controls, sells, and otherwise provides methods and systems that infringe the '750 patent.  The '750 patent provides, among other things, "a method of providing a user access to programming material, comprising the steps of: (1) printing a machine recognizable feature within a commercial document; (2) scanning said machine recognizable feature of said commercial document; and (3) transmitting data associated with said machine recognizable feature via a communication link to access said programming material, wherein said programming material is related to said commercial document."

11.     Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed methods and systems for accessing electronic data via a familiar

printed medium that infringed one or more claims of the '750 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers their product entitled Defendant's shareholder voting documents containing Quick Response codes, and the use thereof ("Accused Instrumentality") which directly infringes the '750 patent. Defendant has at least made and/or used the Accused Instrumentality in a manner which directly infringes the '750 patent, directly or through their agents.

12.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14.     Plaintiff is entitled to recover past damages for Defendant's direct infringement which ended on the Date of the Expiration of the '750 Patent, on May 25, 2014, pursuant to 35 U.S.C. § 286.

15.     In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '750 Patent complied with all marking requirements under 35 U.S.C. § 287.

## COUNT II – INFRINGEMENT OF U.S. PATENT 8,910,876

16.     MFR refers to and incorporates herein the allegations of Paragraphs 1-15 above.

17.     The '876 patent was duly and legally issued by the United States Patent and Trademark Office on December 16, 2014, after full and fair examination. Plaintiff is the owner

by assignment of the '876 patent and possesses all rights of recovery under the '876 patent, including the exclusive right to sue for infringement and recover past damages.

18.     Defendant makes, uses, owns, operates, advertises, controls, sells, and otherwise provides methods and systems that infringe the '876 patent.  The '876 patent provides, among other things, "a method for providing selected programming material on a user device by means of a machine recognizable feature within a printed matter, comprising the steps of: (1) receiving encoded data associated with the machine recognizable feature based on the encoded data; (2) accessing a plurality of programming materials associated with the machine recognizable feature based on the encoded data; (3) accessing a user profile comprising a user preference; (4) selecting programming material based on said user preference; and (5) transmitting the selected programming material to the user device."

19.     Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed methods and systems for accessing electronic data via a familiar printed medium that infringed one or more claims of the '876 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers their product entitled Defendant's shareholder voting documents containing Quick Response codes, and the use thereof ("Accused Instrumentality") which directly infringes the '876 patent. Defendant has at least made and/or used the Accused Instrumentality in a manner which directly infringes the '876 patent, directly or through their agents.

20.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which,

by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Plaintiff is entitled to recover past damages for Defendant's direct infringement which ended on the Date of the Expiration of the '876 Patent, on January 10, 2015, pursuant to 35 U.S.C. § 286 and a 230 day determination of patent term adjustment pursuant to 35 § U.S.C. 154(b).

23.     In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '876 Patent complied with all marking requirements under 35 U.S.C. § 287.

## JURY DEMAND

24.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A.  A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly of the '750 and '876 Patent;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

D.  Any further relief that this Court deems just and proper.

Dated: February 27, 2015                    Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
Email: Brandon@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF**
**MARSHALL FEATURE**
**RECOGNITION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Austin Hansley*
Austin Hansley